# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2787
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Scott Kinney

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: May 14, 2021
Filed: June 24, 2021
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

A jury convicted Kevin Scott Kinney of possessing a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court[1] sentenced him to twelve months and one day's imprisonment.

Kinney argues that the evidence was insufficient to prove that he knew that he was an unlawful user of a controlled substance. Kinney was convicted after police found a firearm hidden in a closet during a consensual search of Kinney's residence. For conviction, the government was required to prove that Kinney knew that "he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019); 18 U.S.C. § 922(g)(3) (it is unlawful for any person who is "an unlawful user of . . . any controlled substance" to possess a firearm or ammunition). That is, the government had to prove that Kinney knew he was an unlawful user of a controlled substance at the time that he possessed the firearm. See United States v. Sholley-Gonzalez, 996 F.3d 887, 896 (8th Cir. 2021) (explaining that Rehaif does not require proving that the defendant knew his relevant status prohibited him from possessing a firearm under § 922(g) but only that the defendant knew that "he had the relevant status when he possessed it" (quoting Rehaif, 139 S. Ct. at 2194)). The jury can infer this knowledge from proof that Kinney knew of the underlying facts making him a part of a category of persons barred from possessing a firearm. Id.

Kinney does not dispute that he knowingly possessed the firearm, that the evidence at trial was sufficient to establish that he was an unlawful user of marijuana, or that marijuana is a controlled substance. Reviewing *de novo*, we conclude that a reasonable jury could infer that Kinney knew that he was an unlawful user of a controlled substance. United States v. Williams, 910 F.3d 1084, 1090 (8th Cir. 2018) (standard of review). Prior to the consensual search of his residence, Kinney told

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

officers, "Man, the only thing I do is smoke a little marijuana and if you find anything, that's what you're going to find." During the ensuing search, officers found, in addition to the firearm, an ashtray containing a marijuana blunt, an unlabeled pill bottle containing marijuana alongside labeled pill bottles with Kinney's name on them, and another medication bottle with Kinney's name on it that contained marijuana. Kinney later asked the officers, "Did you all find my little weed?" The officers responded that they had found and were seizing his marijuana. Kinney was not surprised at the seizure, but responded, "Dang. [laugh] Now what am I gonna smoke?"

Based on this evidence, we conclude that a reasonable jury could find that Kinney had knowledge that he was a user of marijuana, that his ongoing use of marijuana was not lawful, and that he was an unlawful marijuana user at the time the firearm was seized. See Sholley-Gonzalez, 996 F.3d at 895 ("[T]he knowledge-of-status element will not usually be 'burdensome' to prove because 'knowledge can be inferred from circumstantial evidence.'" (quoting Rehaif, 139 S. Ct. at 2198)).

The judgment is affirmed.

_____